UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYEWOONG YOO,<br><br>    Plaintiff,<br><br>v.<br><br>KOREAN BROADCASTING SYSTEM,<br><br>    Defendant. | Civil Action No. 1:19-cv-10281-ADB<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANT KOREAN BROADCASTING SYSTEM'S MOTION TO DISMISS

Defendant Korean Broadcasting System ("KBS") hereby respectfully moves the Court to dismiss the above-caption matter pursuant to Fed. R. Civ. P. 12(b)(1) and the doctrine of forum non conveniens.

As described in the accompanying memorandum of law, and the affidavit and exhibits attached thereto:

1. This Court lacks subject matter jurisdiction over this case under the Foreign Sovereign Immunities Act ("FSIA"), because KBS is the public broadcasting network of the Republic of Korea (a/k/a, "South Korea") and is funded by the South Korean government. The FSIA provides a statutory presumption that a foreign government and its instrumentalities are immune from suit in the United States. As none of the statute's enumerated exceptions apply, this lawsuit should be dismissed for want of subject matter jurisdiction.

2. Even if the Court had subject matter jurisdiction, it should nonetheless exercise its authority to dismiss this case pursuant to the doctrine of forum non-conveniens. Simply stated,

the gravamen of Plaintiff's claims, the location of the evidence, the ability to secure compulsory attendance of witnesses at deposition and trial, the needless costs imposed to conduct discovery, and the availability of an adequate alternative forum in South Korea weigh in favor of adjudicating this matter in that country.  Notably, here, the analysis of these factors is not merely hypothetical, because ***approximately three months prior to filing this lawsuit, Plaintiff filed a nearly identical suit against KBS in Korea.***

WHEREFORE, Defendant Korean Broadcasting Systems respectfully requests that the Court allow this Motion to Dismiss and for such further and additional relief as this Court deems appropriate and just.

### REQUEST FOR ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)

Defendant believes that oral argument may assist the Court and wishes to be heard.

Respectfully submitted,

KOREAN BROADCASTING SYSTEM

By its attorneys

*/s/ Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
LIBBYHOOPES, P.C.
399 Boylston Street
Boston, MA 02116
Tel.: (617) 338-9300
dbrooks@libbyhoopes.com

Dated:  May 6, 2019

### LOCAL RULE 7.1(a) CERTFICATE OF COMPLIANCE

I hereby certify that counsel for Defendant conferred with counsel for Plaintiff in a good-faith effort to resolve or narrow the issues raised by this Motion pursuant to Local Rule 7.1(a) but were unable to do so.

*/s/ Douglas S. Brooks*
Douglas S. Brooks

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on May 6, 2019.

                                        */s/ Douglas S. Brooks*
                                        Douglas S. Brooks